IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TOMMY WEEKS, ET. AL.                                                                                  PLAINTIFFS

vs.                                                                                                  No. 4:04CV283-D-B

ROBERT THOMPSON, ET. AL.                                                                       DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is Defendant Sunflower County's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

On the evening of May 29, 2003, the Defendant Robert Thompson, who was the Chief Deputy of the Sunflower County Sheriff's Department, was at his home in Sunflower County, Mississippi. He and his wife Lara had been separated for some time, and Thompson was aware that Lara and Plaintiff Tommy Weeks were engaged in an extramarital affair. Late that evening, Deputy Thompson observed Weeks driving past his home. At 2:00 a.m., Thompson called one of the Deputies, the Defendant Ben Grant, who was on call with the Sunflower County Sheriff's Department that evening, and lodged a complaint against Weeks for allegedly driving under the influence. Thompson asked Deputy Grant to meet him at Thompson's residence as soon as possible. Grant then called the Sheriff's office and asked the dispatcher to radio Deputy Michael Smith (also a Defendant in this action and also on call that evening) and instruct him to meet Grant at Deputy Thompson's home. While Grant was en route to Thompson's home, he received a call from Deputy Thompson stating that Plaintiff Weeks was traveling to a convenience store that Weeks owned in Ruleville (which is in Sunflower County). Deputy Grant agreed that he would travel to the store

rather than to Deputy Thompson's home. Upon arriving at the store, Deputy Grant asked Weeks if he had been drinking and driving; Weeks denied doing so. Deputy Thompson then arrived at the store and was allegedly dropped off by Deputy Smith, who left the area in his patrol car. According to the Plaintiffs, Deputy Thompson was wearing his work uniform. Thompson walked up to Weeks and Deputy Grant and ordered Grant to arrest Weeks for DUI. Grant refused, stating that he had not personally observed Weeks driving his vehicle while under the influence. At that point, Deputy Thompson and Weeks began shouting at each other; the shouting escalated into a physical altercation between the two, with Thompson striking the first blow. At some point, a female friend of Weeks, Plaintiff Ashlie Kimbriel, interceded in the fight. Thompson threw her to the ground and slapped her in the face.

Plaintiffs Weeks and Kimbriel pursued criminal assault charges against Deputy Thompson as a result of the May 29, 2003, incident. In March 2004, Thompson was convicted of simple assault in Sunflower County Justice Court.

On September 16, 2004, the Plaintiffs filed this current action pursuant to 42 U.S.C. § 1983 against both Sunflower County and against the four individual Defendants in their individual capacities. On January 4, 2006, this Court issued an Opinion and Order granting summary judgment to Defendants Bennie Grant, Michael Smith, and Ned Holder. The Court denied qualified immunity as to Defendant Robert Thompson.

The Defendant Sunflower County now moves this Court to grant it summary judgment against the Plaintiffs. The Defendant argues that the Plaintiffs cannot show that any alleged constitutional violation committed by Defendant Robert Thompson was carried out pursuant to an official policy or custom of Sunflower County. The Defendant argues that there cannot be liability solely based upon respondeat superior. The Defendant states that the record before this Court is void

of any evidence of a policy or custom by Sunflower County. The Plaintiffs retort that there is material issue of fact regarding Thompson's attire the night of the alleged incident. In addition, the Plaintiffs state that Sunflower County failed to properly supervise Thompson.

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56 (C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Discussion*

1. Section 1983

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim under Section 1983 the Plaintiff must (1) allege he has been deprived of a right secured by the United States Constitution or the laws of the United States; and (2) demonstrate that the alleged violation was committed by a person acting under color of state law. Cornish v. Correctional Services Corp., 402 F.3d 545, 549 (5th Cir. 2005). Plaintiff Weeks alleges that Defendant Robert Thompson violated his Fourth Amendment right against unlawful seizure and his Eight Amendment right against use of excessive force. The Plaintiffs have alleged that Defendant Robert Thompson and Defendant Sunflower County have violated those rights. Thus, the Court finds that the Plaintiffs have alleged a section 1983 claim.

2. Municipal Liability

Municipal liability under section 1983 requires proof of (1) a policymaker, (2) an official policy, and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). The text of section 1983 precludes municipal liability predicated on respondeat superior. Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). Thus, the unconstitutional conduct must be directly attributable to the municipality by some sort of official action. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), *cert. denied,* 534 U.S. 820, 122 S. Ct. 53, 151 L. Ed. 2d 23 (2001). Isolated incidents of unconstitutional actions by municipal employees will almost never trigger municipal liability. Id.

Bennett v. City of Slidell, 728 F. 2d 762, 768 n. 3 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016, 105 S. Ct. 3476, 87 L. Ed. 2d 612 (1985).

Municipal liability for section 1983 violations results if a deprivation of constitutional rights was inflicted pursuant to an official policy or custom. Piotrowski v. City of Houston, 237 F.3d at 579. Official policy is normally found in promulgated policy statements, ordinances or regulations. Id. But, an official policy may also be evidenced by a custom. Id. A custom is " a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy..." Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984); see also Bryan County, 520 U.S. at 405-07, 117 S. Ct. at 1387

Here, the Plaintiffs cannot maintain a theory of municipal liability. The Plaintiffs have identified an official policy-maker, which is a criterion for 1983 liability. See Jett v. Dallas Independent School District, 491 U.S. 701, 737, 109 S. Ct. 2702, 2724, 105 L. Ed. 2d 598 (1989). However, the Plaintiffs have failed to identify an official policy, practice or procedure. See Webster v. City of Houston, 735 F. 2d 838 (5th Cir. 1984) (en banc). The Plaintiffs have lodged a series of claims and charges against Sunflower County and Deputy Robert Thompson. The Plaintiffs have not identified a single municipal policy, practice or custom. The Plaintiffs' sole contention is that because Defendant Robert Thompson was wearing a uniform, Sunflower County should be responsible for his actions. This Court and the Fifth Circuit have held repeatedly that 1983 liability does not lie in complaints based solely upon respondeat superior. As such, the Plaintiffs' section 1983 claim fails under Monell. Therefore, there is no genuine issue of material fact and the Defendant is entitled to judgment as a matter of law.

5. Failure to Train

When a plaintiff alleges a claim for failure to train or supervise, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Estate of Troy Davis v. City of Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005) (*quoting* Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998)). see Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003); Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003).

"Deliberate indifference" requires that the state actor have subjective knowledge of the risk of harm. Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Mere negligence will not suffice, and "deliberate indifference, i.e., the subjective intent to cause harm, cannot be inferred from a ... failure to act reasonably. Id. at 649 (citations omitted). In other words, an official has to be both aware of, and disregard, an excessive risk of harm. Rodriguez v. Texas Dept. of Criminal Justice, Institutional Division, 2003 WL 22055820 (N.D. Tex. 2003) (*citing* Farmer v. Brennan, 511 U.S. at 837 114 S. Ct. at 1977. "To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of training is 'obvious and obviously likely to result in a constitutional violation.'" Cousin v. Small, 325 F.3d at 637 (*quoting* Thompson v. Ushur County, 245 F.3d 447, 459 (5th Cir. 2001)).

In the case *sub judice*, the Plaintiffs cannot maintain an action for failure to train. First, the Plaintiffs have not demonstrated that Sunflower County failed to properly supervise or train its

officers. Second, the Plaintiffs have not produced sufficient proof that a causal nexus exists between the actions of the officers and the alleged failure to train. Third, the Plaintiffs have failed to name an official that was charged with supervising the officers allegedly involved in this incident. Finally, the Court is of the opinion that no evidence exists before it that suggests that any Sunflower County official acted with deliberate indifference. Thus, the Court finds that the Defendant is entitled to judgment as a matter of law on this claim

*D. Conclusion*

After a thorough review of the parties briefs, the Court is of the opinion that there are no genuine issues of material fact present to submit this case to a jury. The Court finds that the Plaintiffs have failed to allege a policy, practice or custom sufficient to hold Sunflower County liable under section 1983. In addition, the Plaintiffs have failed to state a claim under their failure to train or failure to supervise claims. Therefore, no genuine issue of material fact exists and the Defendant is entitled to judgment on all of the Plaintiffs' claims.

A separate order in accordance with this opinion shall issue this day.

This the 31th day of January 2007.

/s/ Glen H. Davidson
Chief Judge